# Exhibit A

Filed
D.C. Superior Court
05/18/2020 09:32PM
Clerk of the Court

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| MARK BAGLEY<br>10265 Greenspire Drive<br>Oakton, VA 22124<br><br>and<br><br>TARA DUNION<br>941 N Longfellow Street<br>Arlington, VA 22205<br><br>and<br><br>TERRENCE BANKS<br>4117 Aspen Street<br>Chevy Chase, MD 20815<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>AARP<br>601 E Street, NW<br>Washington, DC 20049<br><br>　　　　　Defendant. | Case No.　2020 CA 002533 B<br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

# COMPLAINT

COMES NOW Plaintiffs Mark Bagley, Tara Dunion, and Terrence Banks, by and through their undersigned counsel, and hereby complain of AARP, as follows:

## NATURE OF THE ACTION

1. Plaintiffs Bagley, Dunion and Banks successfully worked for Defendant in its Media Relations Department for years. Plaintiffs always received positive performance reviews, and had no disciplinary history. But, everything changed after they participated in two internal investigations conducted by Defendant into allegations of discrimination against their

1

supervisor, Jason Young. During the investigations, Plaintiffs provided information about Young's discriminatory treatment of employees. Shortly thereafter, management suddenly announced that their Department was undergoing a "reorganization"- led by Young himself. Defendant eliminated Plaintiffs' positions as a part of the "reorganization," forced them to reapply for their positions, and ultimately, rejected their applications for new positions within the reorganized department. Not only did Defendant reject Plaintiffs' applications for new positions, all but one of the employees Defendant rejected for rehire (including Plaintiffs), were over 40 years old.

2. Plaintiffs bring this action to recover damages for Defendant's unlawful discrimination based on age and retaliation for engaging in protected activity, in violation of the D.C. Human Rights Act, D.C. Code § 2-1402.11(a)(1) (the "DCHRA").

## VENUE AND JURISDICTION

3. This Court has jurisdiction pursuant to D.C. Code § 11-921.

4. The Court has personal jurisdiction over Defendant pursuant to D.C. Code § 13-423 because Defendant formerly employed Plaintiffs in the District of Columbia, the acts that Plaintiffs complain of were completed in D.C., and Plaintiffs suffered harm in D.C.

## THE PARTIES

5. Plaintiff Bagley lives at 10265 Greenspire Drive, Oakton, VA 22124.

6. Plaintiff Dunion lives at 941 N Longfellow Street, Arlington, VA 22205.

7. Plaintiff Banks lives at 4117 Aspen Street, Chevy Chase, MD 20815.

8. At all relevant times, Plaintiffs were Defendant's employees within the meaning of the DCHRA, and they worked at Defendant's offices in Washington, D.C.

9. AARP is a non-profit organization with its principal place of business at 601 E Street, NW, Washington, D.C. 20049. During the relevant time period, Defendant was Plaintiffs' employer within the meaning of and subject to the requirements of the DCHRA.

## FACTS

*Plaintiffs began working for Defendant.*

10. Plaintiff Bagley began working for Defendant in April 2014 in the position of Manager of Media Relations. Plaintiff Bagley is 65 years old.

11. Plaintiff Dunion began working for Defendant in May 2015 in the position of Director of Media Relations. Plaintiff Dunion is 52 years old.

12. Plaintiff Banks began working for Defendant in August 2015 in the position of Senior Principal of Media Relations. Plaintiff Banks is 55 years old.

13. During their employment, Plaintiffs always received positive performance reviews.

*Defendant hired Jason Young.*

14. In June 2017, Defendant hired Jason Young for the position of Senior Vice President.

15. After his hiring, Young directly supervised Plaintiffs for the duration of their employment.

*Plaintiffs participated in Defendant's first internal investigation into Young.*

16. In or around March 2019, Defendant conducted an internal investigation into a complaint by a former employee, Josh Rosenblum, alleging that Young discriminated against Rosenblum based on his religion during his employment.

17. All three Plaintiffs were interviewed during the first investigation.

18. During their interviews, Plaintiffs were asked: 1) whether they had ever observed Young exhibit anti-Semitism; 2) whether they had ever observed Young exhibit racial discrimination; 3) whether they had ever observed Young mistreat, abuse, or harass any AARP employees; and 4) whether they had ever observed Young use inappropriate language.

3

19. Each of the three Plaintiffs provided responses that were unfavorable to Young, and Plaintiffs Banks and Dunion stated that they had observed Young make anti-Semitic comments.

*Young sought information about the investigation.*

20. Young was aware of the existence and subject matter of the first internal investigations into his conduct.

21. During the course of the investigation, Young attempted to elicit information from the Plaintiffs about their involvement in the investigation and the information they had provided or intended to provide to the investigator.

22. Each of the Plaintiffs declined to divulge information to Young about the information they had provided or intended to provide to the investigator.

23. Upon information and belief, Young was upset that the Plaintiffs refused to tell him the information they provided to the investigator.

24. Upon information and belief, other employees informed Young about who testified during the first investigation and what information Plaintiffs provided.

*Plaintiffs Dunion and Banks participated in Defendant's second internal investigation into Young.*

25. In or around November 2019, Defendant conducted another internal investigation into a complaint by employee Veronica Byrd that Young had discriminated against her based on her race (African American) and her sex (female).

26. Plaintiffs Banks and Dunion and were both interviewed during the second investigation.

27. During his interview, Plaintiff Banks informed the investigator that he had observed Young consistently speaking to Byrd in her office in an angry, abusive manner and that Byrd was the only member of Young's staff who received this treatment from him. Plaintiff Banks believed that Young's less favorable treatment of Byrd could have been because of her race or her sex.

28. Plaintiff Dunion informed the investigators that Young engaged in inappropriate workplace behavior.

*Young was upset that Plaintiffs Banks and Dunion participated in the second investigation.*

29. Young was also aware of the existence and subject matter of the second internal investigation into his conduct.

30. After Plaintiffs Banks and Dunion were interviewed during the second investigation, Young treated them differently.

31. A few days after Plaintiff Banks was interviewed as a part of the second investigation, Young barged into Plaintiff Banks' office and yelled at him.

32. As the investigation progressed and both Plaintiffs Banks and Dunion were interviewed, Young stopped responding to their emails and calls, even though he was still their direct supervisor.

33. Young also stopped responding to Plaintiff Bagley's calls and emails.

34. Upon information and belief, Young was upset that Plaintiffs Banks and Dunion participated in the second investigation into allegations of discrimination which is prohibited by the DCHRA.

35. Upon information and belief, Young believed that Plaintiffs Banks and Dunion provided unfavorable information to the investigators during the second investigation about his discriminatory behavior that violated the DCHRA.

36. Upon information and belief, other employees also informed Young about who testified during the investigations and what information Plaintiffs Banks and Dunion provided.

37. Upon information and belief, Young was attempting to freeze-out individuals who provided unfavorable information about him during the first and/or second internal investigations.

5

*Defendant concluded its investigation into Young and announced a department-wide reorganization.*

38. On or around January 21, 2020, Head of Human Resources Marjorie Powell and Executive Vice President Martha Boudreau held a meeting for the entire Media Relations Department.

39. During the meeting, Powell announced that the second investigation of Young had concluded and that, effective immediately, the Media Relations Department would be "reorganized."

40. Boudreau stated that Young was leading the reorganization.

*Defendant "eliminated" Plaintiffs' positions and required them to reapply for their jobs.*

41. On January 22, 2020, Young and Jalila Nur, a member of Defendant's HR department, held meetings with all the employees in the Media Relations Department, including Plaintiffs.

42. During their respective meetings, Young and Nur informed Plaintiffs that their jobs were being eliminated due to reorganization, effective March 6, 2020. Young and Nur stated that they could apply for positions in the new External Relations Department by January 31, 2020.

43. Prior to the reorganization, the Media Relations Department was comprised of 13 employees, including Young.

44. Of those 13 employees, 11 lost their jobs as a result of the "reorganization" and were required to apply for positions in the newly renamed External Relations Department or elsewhere at AARP to remain employed.

45. The only two employees who were not required to apply for positions with AARP were Young (45 years old) and Madison Daniels, a junior Media Relations Analyst (30 years old).

46. When Plaintiffs asked why the Department was undergoing a reorganization, Nur stated that the purpose of the reorganization was to enable Defendant to "be prepared to meet the needs of a changing media landscape," and Young stated that Defendant needed to "get ready for a future that will be very different from the present."

6

*Plaintiffs applied for new positions.*

47. On or around January 24, 2020, Plaintiff Dunion applied for the position of Director, External Relations in the new Department.

48. Around the same time, Plaintiff Bagley applied for the positions of External Relations Director, External Relations Senior Advisor, and External Relations Advisor in the new Department.

49. Plaintiff Banks applied for the positions of Director, External Relations and, External Relations, Director in the new Department.

50. Plaintiffs were all qualified for each of the positions they applied for.

*Defendant rejected Plaintiffs for the new positions.*

51. On March 2, 2020, Defendant informed Plaintiffs that they were rejected for the positions they applied for in the new External Relations Department.

52. On March 6, 2020, Plaintiffs' former positions were officially eliminated, and Plaintiffs' were laid off.

53. Of the eleven employees who were required to apply for positions with Defendant in order to remain employed, three applied for positions in the External Relations Department and were selected, eight (including the Plaintiffs) applied for positions in the External Relations Department and were not selected; of the eight non-selectees, one (Jessica Winn) took a position elsewhere at AARP, and one retired.

54. All but one of the individuals who were not selected for rehire were well over 40 years old. The ages of the individuals who were not selected for rehire are: 38, 52, 54, 55, 58, 65, and 79.

55. The ages of the individuals who were selected for positions with the External Relations Department (including Daniels) are: 30, 32, 42, and 43.

56. Upon information and belief, Young led the reorganization and decided who would be rehired for positions in the External Relations Department.

57. Upon information and belief, each of the employees who were selected for rehire provided favorable information about Young in his first and/or second internal investigation, and Young was aware of this.

58. Upon information and belief, Young chose to rehire only the employees who provided favorable information about him during his first and/or second internal investigation and/or those who were substantially younger than Plaintiffs.

## COUNT 1

(D.C. Code § 2-1402.61- Retaliation)

59. Plaintiffs repeat and reallege each paragraph above, as if fully set forth herein.

60. Defendant eliminated Plaintiffs' positions because they engaged in protected EEO activity.

61. By and through its conduct, Defendant discriminated against Plaintiffs in violation of the DCHRA.

62. Defendant's actions were intentional, reckless, and malicious.

63. Plaintiffs incurred damages, including lost wages and benefits, front pay, pain and suffering, emotional distress, mental anguish, and/or punitive damages.

## COUNT 2

(D.C. Code § 2-1402.61- Retaliation)

64. Plaintiffs repeat and reallege each paragraph above, as if fully set forth herein.

65. Defendant did not rehire Plaintiffs for new positions in the External Affairs Department because of their protected EEO activity.

66. By and through its conduct, Defendant discriminated against Plaintiffs in violation of the DCHRA.

67. Defendant's actions were intentional, reckless, and malicious.

68. As a result, Plaintiffs incurred damages, including lost wages and benefits, front pay, pain and suffering, emotional distress, mental anguish, and/or punitive damages.

## COUNT 3

(D.C. Code 2-1402.11- Age Discrimination)

69. Plaintiffs repeat and reallege each paragraph above, as if fully set forth herein.

70. Defendant eliminated Plaintiffs' positions because of their age.

71. By and through its conduct, Defendant discriminated against Plaintiffs in violation of the DCHRA.

72. Defendant's actions were intentional, reckless, and malicious.

73. As a result, Plaintiffs incurred damages, including lost wages and benefits, front pay, and punitive damages.

## COUNT 4

(D.C. Code 2-1402.11- Age Discrimination)

74. Plaintiffs repeat and reallege each paragraph above, as if fully set forth herein.

75. Defendant did not rehire Plaintiffs for new positions in the External Affairs Department because of their age.

76. By and through its conduct, Defendant discriminated against Plaintiffs in violation of the DCHRA.

77. Defendant's actions were intentional, reckless, and malicious.

78. As a result, Plaintiffs incurred damages, including lost wages and benefits, front pay, and punitive damages.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all Counts contained in the Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court enter judgment against Defendant on all Counts, and award each Plaintiff reinstatement; lost wages and benefits; front pay; compensatory damages in the amount of $300,000, or in such other amount as is determined at trial for pain and suffering and emotional distress; pre- and post-judgment interest; costs; attorney's fees; injunctive relief; punitive damages; and any such other relief as just and proper.

Respectfully submitted,

Alan Lescht & Associates, P.C.

By: /s/ Nicole Behrman
Nicole Behrman (#1618793)
Krista Wallace (#1048016)
1825 K Street NW, Suite 750
Washington, D.C. 20006
T: 202.463.6036
F: 202.463.6067
nicole.behrman@leschtlaw.com
krista.wallace@leschtlaw.com
*Counsel for Plaintiffs*



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

| | |
|---|---|
| Mark Bagley, Tara Dunion, and Terrence Banks | |
| Plaintiff | |
| vs. | Case Number _____ |
| AARP | |
| Defendant | |

### SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

| Nicole Behrman | *Clerk of the Court* |
|---|---|
| Name of Plaintiff's Attorney | |
| Alan Lescht & Associates PC, 1825 K Street NW, Suite 750 | By _____ |
| Address | Deputy Clerk |
| Washington, DC 20006 | |
| (202) 315-1732 | Date _____ |
| Telephone | |

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español



**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
DIVISIÓN CIVIL
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

_____
Demandante
contra

Número de Caso: _____

_____
Demandado

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

_____
Nombre del abogado del Demandante

*SECRETARIO DEL TRIBUNAL*

Por: _____

_____
Dirección
Subsecretario

_____

Fecha _____
Teléfono
如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면 (202) 879-4828 로 전화주십시오      የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea converser con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

Mark Bagley, Tara Dunion, and Terrence Banks    Case Number: __2020 CA 002533 B__

vs    Date: __May 15, 2020__

AARP     ☐ One of the defendants is being sued in their official capacity.

| | |
|---|---|
| Name: *(Please Print)* Nicole Behrman | Relationship to Lawsuit |
| Firm Name: Alan Lescht & Associates, PC | ☒ Attorney for Plaintiff |
| Telephone No.: (202) 315-1732    Six digit Unified Bar No.: 1618793 | ☐ Self (Pro Se) <br> ☐ Other: _____ |

TYPE OF CASE: ☐ Non-Jury     ☒ 6 Person Jury     ☐ 12 Person Jury

Demand: $ __1,000,000__     Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.:_____    Judge:_____    Calendar #:_____

Case No.:_____    Judge:_____    Calendar#:_____

---

NATURE OF SUIT:    *(Check One Box Only)*

**A. CONTRACTS**            **COLLECTION CASES**

☐ 01 Breach of Contract    ☐ 14 Under $25,000 Pltf. Grants Consent    ☐ 16 Under $25,000 Consent Denied
☐ 02 Breach of Warranty    ☐ 17 OVER $25,000 Pltf. Grants Consent    ☐ 18 OVER $25,000 Consent Denied
☐ 06 Negotiable Instrument    ☐ 27 Insurance/Subrogation    ☐ 26 Insurance/Subrogation
☐ 07 Personal Property         Over $25,000 Pltf. Grants Consent         Over $25,000 Consent Denied
☒ 13 Employment Discrimination    ☐ 07 Insurance/Subrogation    ☐ 34 Insurance/Subrogation
☐ 15 Special Education Fees         Under $25,000 Pltf. Grants Consent         Under $25,000 Consent Denied
   ☐ 28 Motion to Confirm Arbitration Award (Collection Cases Only)

**B. PROPERTY TORTS**

☐ 01 Automobile    ☐ 03 Destruction of Private Property    ☐ 05 Trespass
☐ 02 Conversion    ☐ 04 Property Damage
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

**C. PERSONAL TORTS**

☐ 01 Abuse of Process    ☐ 10 Invasion of Privacy    ☐ 17 Personal Injury- (Not Automobile, Not Malpractice)
☐ 02 Alienation of Affection    ☐ 11 Libel and Slander    ☐ 18 Wrongful Death (Not Malpractice)
☐ 03 Assault and Battery    ☐ 12 Malicious Interference
☐ 04 Automobile- Personal Injury    ☐ 13 Malicious Prosecution    ☐ 19 Wrongful Eviction
☐ 05 Deceit (Misrepresentation)    ☐ 14 Malpractice Legal    ☐ 20 Friendly Suit
☐ 06 False Accusation    ☐ 15 Malpractice Medical (Including Wrongful Death)    ☐ 21 Asbestos
☐ 07 False Arrest    ☐ 16 Negligence- (Not Automobile, Not Malpractice)    ☐ 22 Toxic/Mass Torts
☐ 08 Fraud                                                 ☐ 23 Tobacco
                                                                                                                                                      ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

# Information Sheet, Continued

**C. OTHERS**

- [ ] 01 Accounting
- [ ] 02 Att. Before Judgment
- [ ] 05 Ejectment
- [ ] 09 Special Writ/Warrants (DC Code § 11-941)
- [ ] 10 Traffic Adjudication
- [ ] 11 Writ of Replevin
- [ ] 12 Enforce Mechanics Lien
- [ ] 16 Declaratory Judgment
- [ ] 17 Merit Personnel Act (OEA) (D.C. Code Title 1, Chapter 6)
- [ ] 18 Product Liability
- [ ] 24 Application to Confirm, Modify, Vacate Arbitration Award (DC Code § 16-4401)
- [ ] 29 Merit Personnel Act (OHR)
- [ ] 31 Housing Code Regulations
- [ ] 32 Qui Tam
- [ ] 33 Whistleblower

II.

- [ ] 03 Change of Name
- [ ] 06 Foreign Judgment/Domestic
- [ ] 08 Foreign Judgment/International
- [ ] 13 Correction of Birth Certificate
- [ ] 14 Correction of Marriage Certificate
- [ ] 15 Libel of Information
- [ ] 19 Enter Administrative Order as Judgment [ D.C. Code § 2-1802.03 (h) or 32-151 9 (a)]
- [ ] 20 Master Meter (D.C. Code § 42-3301, et seq.)
- [ ] 26 Petition for Civil Asset Forfeiture (Vehicle)
- [ ] 27 Petition for Civil Asset Forfeiture (Currency)
- [ ] 28 Petition for Civil Asset Forfeiture (Other)
- [ ] 21 Petition for Subpoena [Rule 28-I (b)]
- [ ] 22 Release Mechanics Lien
- [ ] 23 Rule 27(a)(1) (Perpetuate Testimony)
- [ ] 24 Petition for Structured Settlement
- [ ] 25 Petition for Liquidation

**D. REAL PROPERTY**

- [ ] 09 Real Property-Real Estate
- [ ] 12 Specific Performance
- [ ] 04 Condemnation (Eminent Domain)
- [ ] 10 Mortgage Foreclosure/Judicial Sale
- [ ] 11 Petition for Civil Asset Forfeiture (RP)
- [ ] 08 Quiet Title
- [ ] 25 Liens: Tax / Water Consent Granted
- [ ] 30 Liens: Tax / Water Consent Denied
- [ ] 31 Tax Lien Bid Off Certificate Consent Granted

_/s/ Nicole Behrman_                                      May 15, 2020

Attorney's Signature                                      Date

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION
Civil Actions Branch
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Telephone: (202) 879-1133 • Website: www.dccourts.gov**

MARK BAGLEY et al
   Vs.                                      C.A. No.     2020 CA 002533 B
AARP

# **INITIAL ORDER AND ADDENDUM**

    Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

    (1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

    (2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the summons, the complaint, and this Initial Order and Addendum. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in Super. Ct. Civ. R. 4(m).

    (3) Within 21 days of service as described above, except as otherwise noted in Super. Ct. Civ. R. 12, each defendant must respond to the complaint by filing an answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in Super. Ct. Civ. R. 55(a).

    (4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an initial scheduling and settlement conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

    (5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than seven business days before the scheduling conference date.
No other continuance of the conference will be granted except upon motion for good cause shown.

    (6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

                                                                               Chief Judge Robert E. Morin

Case Assigned to: Judge ROBERT R RIGSBY
Date:  May 18, 2020
Initial Conference: 10:00 am, Friday, August 21, 2020
Location:  Courtroom 201
         500 Indiana Avenue N.W.
         WASHINGTON, DC  20001

# ADDENDUM TO INITIAL ORDER AFFECTING
# ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Actions Branch. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief    Judge    Robert    E.    Morin

CAIO-60

Superior Court of the District of Columbia
CIVIL DIVISION
Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

Filed
D.C. Superior Court
05/19/2020 15:19PM
Clerk of the Court

Mark Bagley, Tara Dunion, and Terrence Banks
_____
Plaintiff

vs.

AARP
_____
Defendant

Case Number 2020 CA 002533 B

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Nicole Behrman
_____
Name of Plaintiff's Attorney

Alan Lescht & Associates, PC, 1825 K Street NW, Suite 750
_____
Address
Washington, DC 20006

(202) 315-1732
_____
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date 05/19/2020

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면,(202)879-4828로 전화주십시오    ያማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME*.

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]    Super. Ct. Civ. R. 4




**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
**Sección de Acciones Civiles**
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

_____
                                    Demandante
          contra
                                    Número de Caso: _____
_____
                                    Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le requiere entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le requiere presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

*SECRETARIO DEL TRIBUNAL*

Nombre del abogado del Demandante
_____

Dirección                                    Por: _____
_____                    Subsecretario

_____              Fecha _____

Teléfono
如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
한국어 번역을 원하시면 (202) 879-4828로 전화 주십시오    ያማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 3000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]                                                Super. Ct. Civ. R. 4