## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK BAGLEY, TARA DUNION, and TERRENCE BANKS,<br><br>   Plaintiffs,<br><br>   v.<br><br>AARP, Inc.,<br><br>   Defendant. | Civil Action No. 1:20-cv-1462-TNM |

## ANSWER TO COMPLAINT

Defendant AARP, Inc. ("Defendant") hereby answers each of the paragraphs of the Complaint as set forth below. Any allegation in the Complaint that is not expressly admitted is denied. Any headings copied from the Complaint are for reference only and do not constitute admissions or denials of the text.

## NATURE OF THE ACTION

1. Defendant admits that Plaintiffs Mark Bagley, Tara Dunion, and Terrence Banks ("Plaintiffs") worked for Defendant in its Media Relations department. Defendant further admits that Defendant eliminated Plaintiffs' positions as a part of the reorganization of the Media Relations department; that Plaintiffs had to apply for positions in the reorganized department; and that Defendant did not select Plaintiffs for the positions for which they applied in the reorganized department. Defendant denies the remaining allegations in paragraph 1.

2. Defendant admits that Plaintiffs purport to bring this lawsuit as described in paragraph 2. Defendant denies the remaining allegations in paragraph 2.

## VENUE AND JURISDICTION

3. Defendant admits that this Court has jurisdiction over this action. Defendant denies the remaining allegations in paragraph 3.

4. Defendant admits that the Court has personal jurisdiction over Defendant and that Defendant formerly employed Plaintiffs in the District of Columbia and that acts that Plaintiffs complain of were completed in DC. Defendant denies the remaining allegations in paragraph 4.

## THE PARTIES

5. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5.

6. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6.

7. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7.

8. Defendant admits the allegations in paragraph 8.

9. Defendant admits the allegations in paragraph 9.

## FACTS

### *Plaintiffs began working for Defendant.*

10. Defendant admits the allegations in paragraph 10.

11. Defendant admits the allegations in paragraph 11.

12. Defendant admits the allegations in paragraph 12.

13. Defendant denies the allegations in paragraph 13.

### *Defendant hired Jason Young.*

14. Defendant admits the allegations in paragraph 14.

15. Defendant denies the allegations in paragraph 15.

### ***Plaintiffs participated in Defendant's first internal investigation into Young.***

16. Defendant admits that in 2019, Defendant conducted an internal investigation into a complaint by a former employee, Josh Rosenblum.  Defendant denies the remaining allegations in paragraph 16.

17. Defendant admits the allegations in paragraph 17.

18. Defendant denies the allegations in paragraph 18.

19. Defendant admits that Plaintiffs Banks and Dunion provided some responses that were unfavorable to Young.  Defendant denies the remaining allegations in paragraph 19.

### ***Young sought information about the investigation.***

20. Defendant admits that Young was aware of the existence of the first internal investigation.  Defendant denies the remaining allegations in paragraph 20.

21. Defendant denies the allegations in paragraph 21.

22. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22.

23. Defendant denies the allegations in paragraph 23.

24. Defendant denies the allegations in paragraph 24.

### ***Plaintiffs Dunion and Banks participated in Defendant's second internal investigation into Young.***

25. Defendant admits that in or around November 2019, Defendant conducted an internal investigation into a complaint by Veronica Byrd.  Defendant denies the remaining allegations in paragraph 25.

26. Defendant admits the allegations in paragraph 26.

27. At this time, Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27.

28. At this time, Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28.

### *Young was upset that Plaintiffs Banks and Dunion participated in the second investigation.*

29. Defendant admits that Young was aware of the existence of the second internal investigation shortly before it concluded. Defendant denies the remaining the allegations in paragraph 29.

30. Defendant denies the allegations in paragraph 30.

31. Defendant denies the allegations in paragraph 31.

32. Defendant denies the allegations in paragraph 32.

33. Defendant denies the allegations in paragraph 33.

34. Defendant denies the allegations in paragraph 34.

35. Defendant denies the allegations in paragraph 35.

36. Defendant denies the allegations in paragraph 36.

37. Defendant denies the allegations in paragraph 37.

### *Defendant concluded its investigation into Young and announced a department-wide reorganization.*

38. Defendant admits the allegations in paragraph 38.

39. Defendant admits that during the meeting, Marjorie Powell announced that the investigation of Young had concluded. Defendant denies the remaining allegations in paragraph 39.

40. Defendant denies the allegations in paragraph 40.

### *Defendant "eliminated" Plaintiffs' positions and required them to reapply for their jobs.*

41. Defendant admits the allegations in paragraph 41.

42. Defendant admits the allegations in paragraph 42.

43. Defendant admits the allegations in paragraph 43.

44. Defendant admits the allegations in paragraph 44.

45. Defendant admits the allegations in paragraph 45.

46. Defendant denies the allegations in paragraph 46.

### *Plaintiffs applied for new positions.*

47. Defendant admits that on January 29, 2020, Plaintiff Dunion applied for the position of Director, External Relations in the new Department. Defendant denies the remaining allegations in paragraph 47.

48. Defendant admits that on January 30, 2020, Plaintiff Bagley applied for the position of External Relations Director, External Relations Senior Advisor, and External Relations Advisor in the new Department. Defendant denies the remaining allegations in paragraph 48.

49. Defendant admits the allegations in paragraph 49.

50. Defendant admits that Plaintiff Banks and Dunion met the minimum qualifications for the positions for which they applied and that Bagley met the minimum qualifications for the External Relations Senior Advisor and Advisor positions. Defendant denies the remaining allegations in paragraph 50.

### *Defendant rejected Plaintiffs for the new positions.*

51. Defendant admits the allegations in paragraph 51.

52. Defendant admits the allegations in paragraph 52.

53. Defendant admits that of the eleven employees who were required to apply for positions with Defendant, three applied for positions in the External Relations department and were selected. Defendant admits that Jessica Winn took a position elsewhere at AARP, another

employee retired, and Plaintiff Dunion applied for and was offered a position in another department, which she declined.  Defendant denies the remaining allegations in paragraph 53.

54.     Defendant admits that the ages of the individuals who were not selected for positions in the External Relations department are: 38, 52, 54, 55, 58, and 65.  Defendant denies the remaining allegations in paragraph 54.

55.     Defendant admits that the ages of two individuals who were selected for positions in the External Relations department are 42 and 43.  Defendant denies the remaining allegations in paragraph 55.

56.     Defendant denies the allegations in paragraph 56.

57.     Defendant denies the allegations in paragraph 57.

58.     Defendant denies the allegations in paragraph 58.

## COUNT 1

### (D.C. Code § 2-1402.61- Retaliation)

59.     Defendant incorporates its responses to the allegations in the preceding paragraphs as set forth above.

60.     Defendant denies the allegations in paragraph 60.

61.     Defendant denies the allegations in paragraph 61.

62.     Defendant denies the allegations in paragraph 62.

63.     Defendant denies the allegations in paragraph 63.

## COUNT 2

### (D.C. Code § 2-1402.61- Retaliation)

64.     Defendant incorporates its responses to the allegations in the preceding paragraphs as set forth above.

65.     Defendant denies the allegations in paragraph 65.

66. Defendant denies the allegations in paragraph 66.

67. Defendant denies the allegations in paragraph 67.

68. Defendant denies the allegations in paragraph 68.

## COUNT 3

### (D.C. Code 2-1402.11- Age Discrimination)

69. Defendant incorporates its responses to the allegations in the preceding paragraphs as set forth above.

70. Defendant denies the allegations in paragraph 70.

71. Defendant denies the allegations in paragraph 71.

72. Defendant denies the allegations in paragraph 72.

73. Defendant denies the allegations in paragraph 73.

## COUNT 4

### (D.C. Code 2-1402.11- Age Discrimination)

74. Defendant incorporates its responses to the allegations in the preceding paragraphs as set forth above.

75. Defendant denies the allegations in paragraph 75.

76. Defendant denies the allegations in paragraph 76.

77. Defendant denies the allegations in paragraph 77.

78. Defendant denies the allegations in paragraph 78.

## DEMAND FOR JURY TRIAL

Defendant admits that Plaintiffs have requested a jury trial.

## PRAYER FOR RELIEF

In response to Plaintiffs' Prayer for Relief, Defendant denies that Plaintiffs are entitled to the relief sought or any relief whatsoever.

## AFFIRMATIVE DEFENSES

As separate defenses to the Complaint and each cause of action, Defendant alleges the following affirmative defenses. Defendant does not in any way change the allocation and burden of proof for each such defense listed as established by applicable law.

### FIRST DEFENSE

The Complaint, or portions thereof, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs' claims are barred, at least in part, by the doctrine of judicial estoppel, to the extent they have filed for bankruptcy and did not disclose the claims asserted herein as assets of the bankruptcy estate or in the bankruptcy petition or attached schedule.

### THIRD DEFENSE

The Complaint, or portions thereof, may be barred, in whole or in part, by the equitable doctrine of laches.

### FOURTH DEFENSE

Plaintiffs' claims may be barred, in whole or in part, under the avoidable consequences doctrine.

### FIFTH DEFENSE

To the extent that Plaintiffs have failed to mitigate their damages, any damages awarded to Plaintiffs should be reduced according to the extent of such failure to mitigate.

### SIXTH DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by the doctrine of unclean hands.

**SEVENTH DEFENSE**

Plaintiffs' claims may be barred, in whole or in part, by the doctrine of after-acquired evidence.

**RESERVATION OF RIGHTS**

Defendant has insufficient knowledge or information upon which to form a belief as to whether additional affirmative defenses are available. Defendant hereby reserves the right to assert additional affirmative defenses during the course of discovery in this action or as otherwise appropriate and reserves the right to amend its Answer to assert any such defenses.

WHEREFORE, Defendant prays for relief as follows:

1. That Plaintiffs take nothing by the Complaint;

2. That the Complaint be dismissed with prejudice;

3. That judgment be entered in Defendant's favor;

4. For attorneys' fees and costs of suit incurred herein; and

5. For such other and further relief as the Court may deem just and proper.

Dated: June 10, 2020

Respectfully submitted,

 /s/ Esther G. Lander
Esther G. Lander (D.C. Bar No. 461316)
Amanda S. McGinn (D.C. Bar No. 1049085)
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street N.W.
Washington, D.C. 20006
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
elander@akingump.com
amcginn@akingump.com

*Attorneys for Defendant AARP, Inc.*